cc: KJM

**ORIGINAL**

O'CONNOR PLAYDON GUBEN & INOUYE LLP
A Limited Liability Law Partnership

GEORGE W. PLAYDON, JR.   1103-0
KELVIN H. KANESHIRO         4535-0
Pacific Guardian Center, 24th Floor
733 Bishop Street
Honolulu, Hawaii  96813
Phone: (808) 524-8350
Facsimile: (808) 531-8628
E-mail: gwp@opglaw.com
E-mail: khk@opglaw.com

Attorneys for Plaintiffs
MARJORIE BARRELL, Individually, and
as Personal Representative of the Estate of
LT. COL. (ret'd) DONALD H. BARRELL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY 1 6 2017
at 3 o'clock and 58 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARJORIE BARRELL, Individually, and as Personal Representative of the Estate of  LT. COL. (ret'd) DONALD H. BARRELL, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL NO. CV17 00216 KJM <br> (FTCA – Medical Malpractice) <br><br> COMPLAINT; SUMMONS |

241927v1/09-53/KHK

## COMPLAINT

Plaintiff MARJORIE BARRELL ("MRS. BARRELL"), Individually and as the Personal Representative of the Estate of LT. COL. (ret'd) DONALD H. BARRELL ("COL. BARRELL"), by and through her attorneys, O'Connor Playdon Guben & Inouye LLP, for claims for relief against Defendant UNITED STATES OF AMERICA ("USA"), alleges and avers as follows:

## COUNT I

1. At all times relevant, MRS. BARRELL and COL. BARRELL were domiciled in and citizens of the State of Hawaii and resided in the City and County of Honolulu within the jurisdiction of this Court.

2. COL. BARRELL and MRS. BARRELL were husband and wife.

3. This is a medical malpractice, personal injury and wrongful death action to recover damages which arise from negligent acts and/or omissions of employees of the Government of the Defendant USA, while acting within the scope of their office and/or employment with Tripler Army Medical Center ("TAMC"), Naval Hospital Beaufort, South Carolina ("NHB") and Department Of Veterans Affairs ("VA") under circumstances where Defendant USA, if a private party, would be liable to Plaintiffs.

4. Jurisdiction is conferred on this Court by Title 28, United States Code § 1346.

5. Pursuant to Title 28, United States Code, §§ 2671, *et seq.*, administrative claims on behalf of Plaintiff were filed on or about April 7, 2016 with TAMC.

6. The administrative claims were received by TAMC on or about April 8, 2016.

7. Pursuant to Title 28, United States Code, §§ 2671, *et seq.*, administrative claims on behalf of Plaintiff were filed on or about April 7, 2016 with NHB and VA.

8. The administrative claims were received by NHB and VA on or about April 28, 2016.

9. On October 4, 2016, COL. BARRELL passed away in Honolulu, Hawaii.

10. Pursuant to Title 28, United States Code, §§ 2671, *et seq.*, amended administrative claims on behalf of Plaintiff were filed on or about October 28, 2016 with TAMC, NHB and VA.

11. The amended administrative claims were received by TAMC, NHB and VA on or about November 7, 2016.

12. More than six months have elapsed without final disposition of

those administrative claims.

13. At all times relevant herein, Defendant USA operated a medical care facility in the City and County of Honolulu, State of Hawaii, known as TAMC, through the Department of the Army.

14. On January 3, 2015, COL. BARRELL presented to the TAMC Emergency Department with complaints of difficulty breathing and abdominal pain in the left lower quadrant. A number of imaging studies, including a computerized tomography ("CT") study of COL. BARRELL's abdomen and pelvis, were ordered.

15. The January 3, 2015 CT of the abdomen and pelvis was interpreted by Kevin E. Schlegel, M.D. ("Dr. Schlegel"), a radiologist at TAMC. In his report, Dr. Schlegel concluded, in part, as follows: "2. Pancreatic atrophy with a tubular fluid collection in the tail representing either evidence of chronic pancreatitis or dilated duct and <u>less likely intrapancreatic mucinous tumor</u>." (emphasis added).

16. Dr. Schlegel's interpretation was erroneous.

17. COL. BARRELL was discharged from TAMC on January 6, 2015 with a primary diagnosis of "severe sepsis w/ E. coli bacteremia from urinary source." None of the other listed "Other Discharge Diagnosis" mentioned or referred to the CT findings of pancreatic atrophy. The discharge instructions also

failed to recommend any follow-up regarding the CT finding of the pancreatic atrophy. In fact, the "Recommendations for Follow-Up" only mentions a VA follow-up for a urology consultation.

18. On or about April 29, 2015, COL. BARRELL presented to the NHB's VA Clinic because of a reference in his TAMC discharge papers that he might be pre-diabetic.

19. On or about May 1, 2015, another CT scan was taken of COL. BARRELL's abdomen and pelvis by order of a VA physician, Terry L. Elliott, M.D. ("Dr. Elliott"), because of a concern about the findings regarding COL. BARRELL's pancreas in the January 3, 2015 CT scan taken at TAMC.

20. The radiologist at NHB, Brent D. Libby, M.D. ("Dr. Libby"), wrote the following in his report of the CT scan:

> IMPRESSION: 1. Atrophy of the pancreas with a low density mass in the pancreatic body and evidence of tubular water density extending into the pancreatic tail. <u>Cystic pancreatic mass such as main duct IPMN [intrapancreatic mucinous neoplasm/tumor] is not excluded. Pancreatic neoplasm with blockage of the distal pancreatic duct should also be considered. Direct comparison with prior studies is recommended. Lesion may be amenable to biopsy via ultrasound guided endoscopic technique.</u> 2. Multiple hepatic and renal cysts. 3. Old granulomatous disease. 4. Scattered diverticular disease of the distal descending colon without evidence of active inflammation.

(emphasis added).

21. Dr. Libby further concluded as follows:

> CONCLUSION: Mild increase in size of the pancreatic body hypodense and hypoenhancing lesion since the prior study of only 4 months ago. <u>Finding is concerning for pancreatic malignancy and further intervention, possibly FNA or biopsy via ultrasound guided endoscopic technique, is recommended</u>. PET/CT could be performed to provide further definition.

(emphasis added).

22. Despite the clear findings and recommendations of Dr. Libby, no follow-up was done by anyone at the NHB or at NHB's VA Clinic, including Dr. Elliott who had ordered the CT scan.

23. On August 7, 2015, COL. BARRELL presented to the Hilton Head Hospital Emergency Room with a complaint of abdominal pain in the right lower quadrant.

24. CT scans were taken with and without contrast. The radiologist's report for the second CT, the one taken with contrast, concluded as follows:

> IMPRESSION:
> 1. Appendiceal tip appendicitis with or without mucocele or abscess formation, as described
> 2. Pancreatic body <u>4.1 cm mass</u> with tail atrophy and dilation of pancreatic duct. <u>Carcinoma is the leading differential concern</u>.

> 3. Mild dilation of right renal collecting system, possibly related to periappendiceal inflammation

(emphasis added).

25. At that point, COL. BARRELL was told for the first time that he may have a pancreatic cancer.

26. On August 14, 2015, COL. BARRELL underwent a laparoscopic appendectomy for a perforated appendix. The Surgical Pathology Report for the removed appendix revealed the presence of a 1 cm. poorly differentiated adenocarcinoma. The pathologist also noted that "metastatic adenocarcinoma to the appendix cannot be excluded."

27. A week later, COL. BARRELL underwent a fine needle aspiration ("FNA") biopsy of the pancreatic mass. The pathological diagnosis regarding the FNA biopsy was "POSITIVE FOR MALIGNANT CELLS CONSISTENT WITH ADENOCARCINOMA" confirming the pancreatic cancer.

28. COL. BARRELL thereafter sought treatment for the pancreatic cancer at the M.D. Anderson Cancer Center ("M.D. Anderson") in Houston, Texas.

29. On September 3, 2015, CT scans were again taken at M.D. Anderson of COL. BARRELL's abdomen and pelvis with and without contrast for

staging purposes. By then, the pancreatic mass had increased in size to 4.0 x 3.2 cm. and had completely encased the splenic artery.

30.  David Fogelman, M.D., one of the physicians at M.D. Anderson, noted in his report of September 4, 2015 as follows:

> I have explained to Mr. Barrell today, I am not sure that surgery will be appropriate for him. <u>His mass is borderline resectable by itself</u>, and with the <u>suspected metastasis from the appendix tumor in the pelvic area</u>, I am not sure that he will be a surgical candidate down the road. If he were to have a marked response to chemotherapy, we would at least discuss it with our surgical team. However, I have explained to Mr. Barrell that the surgery can be quite debilitating, that the majority of patients undertaking the surgery due to experience a recurrence, and <u>that we only offer this surgery to patients where we are truly optimistic that it will serve them well in the long run (i.e., by removing the only known cancer in the body). In his particular case, given the abdominal metastasis, I am not sure that this will be the case.</u>

(emphasis added).

31.  COL. BARRELL began chemotherapy treatments at both at M.D. Anderson in Houston, Texas and at The Queen's Medical Center in Honolulu, Hawaii, an affiliate of M.D. Anderson.

32.  COL. BARRELL was treated for the sequelae of the chemotherapy treatments as well as for pain from the pancreatic cancer.

33.  On October 4, 2016, COL. BARRELL passed away in Honolulu, Hawaii as a result of the pancreatic cancer.

34. Defendant USA, by and through its agents, servants and employees, carelessly and negligently examined, evaluated, tested, diagnosed, treated and otherwise cared for COL. BARRELL.

35. As a direct and legal and/or proximate result of the carelessness, negligence, actions and omissions of Defendant USA, by and through its agents, servants and employees, as aforesaid, COL. BARRELL passed away on October 4, 2016.

36. As a further direct and legal and/or proximate result of the carelessness, negligence, actions and omissions of Defendant USA, by and through its agents, servants and employees, as aforesaid, COL. BARRELL suffered great physical pain, suffering, discomfort, emotional injuries and distress, and mental anguish prior to his passing.

37. As a further direct and legal and/or proximate result of the carelessness, negligence, actions and omissions of Defendant USA, by and through its agents, servants and employees, as aforesaid, COL. BARRELL suffered permanent loss of enjoyment of life, the inability to pursue normal activities of life and a loss of a chance of recovery.

38. As a further direct and legal and/or proximate result of the carelessness, negligence, actions and omissions of Defendant USA, by and through its agents, servants and employees, as aforesaid, MRS. BARRELL and COL.

BARRELL incurred medical and miscellaneous expenses in amounts not presently ascertainable but shall be shown at the time of trial.

39. As a further direct and legal and/or proximate result of the carelessness, negligence, actions and omissions of Defendant USA, by and through its agents, servants and employees, as aforesaid, MRS. BARRELL, as the wife and now widow of COL. BARRELL, has suffered, and will continue to suffer in the future, pecuniary injury, loss of financial support, loss of love and affection, consortium society, companionship, comfort, protection, spousal care and attention and, in addition, has suffered and continue to suffer serious mental anguish and emotional distress and has been permanently injured.

40. MRS. BARRELL, as the Personal Representative of the Estate of COL. BARRELL, is therefore entitled to recover damages.

41. MRS. BARRELL, individually, is therefore entitled to recover damages.

### COUNT II

42. The allegations contained in paragraphs 1 through 41 are realleged and incorporated herein by reference.

43. As a direct and legal and/or proximate result of the carelessness, negligence, actions and omissions of Defendant USA, by and through

its agents, servants and employees, as aforesaid, COL. BARRELL passed away on October 4, 2016.

44. MRS. BARRELL, as the Personal Representative of the Estate of COL. BARRELL, is therefore entitled to recover damages as a result of COL. BARRELL's wrongful death.

45. MRS. BARRELL, as the surviving spouse of COL. BARRELL, is further entitled individually to recover damages as a result of COL. BARRELL's wrongful death.

## COUNT III

46. The allegations contained in paragraphs 1 through 45 are realleged and incorporated herein by reference.

47. At all times relevant herein, the employees, agents, servants and representatives of TAMC, NHB and VA who examined, diagnosed, cared for and treated COL. BARRELL were acting within the course and scope of their employment, agency and service with TAMC, NHB and VA and, therefore, with Defendant USA.

48. Defendant USA is liable to MRS. BARRELL, individually and as the Personal Representative of the Estate of COL. BARRELL, for the tortious conduct of the above-mentioned employees, agents, servants and representatives as

set forth in this Complaint under the doctrine of *respondeat superior* and/or agency principles.

### COUNT IV

49. The allegations contained in paragraphs 1 through 48 are realleged and incorporated herein by reference.

50. At all times relevant herein, Defendant USA and its employees, agents, servants and representatives did hold themselves and their health care provider employees, agents, servants and representatives out to members of the general public and to MRS. BARRELL and COL. BARRELL as possessing that degree of care and skill ordinarily possessed and exercised by like health care providers, employees, agents, servants and representatives.

51. At all times relevant herein, Defendant USA impliedly and/or expressly warranted to MRS. BARRELL and COL. BARRELL that it and its employees, servants, agents and representatives would provide competent care and appropriate treatments and/or services.

52. In submitting to the care and treatment by Defendant USA and its employees, agents, servants and representatives, MRS. BARRELL and COL. BARRELL relied on said warranties.

53. Defendant USA, by and through its agents, servants and employees, breached its warranties to MRS. BARRELL and COL. BARRELL.

54. As a direct and legal and/or proximate result of the Defendant USA's breaches of warranties, MRS. BARRELL and COL. BARRELL have suffered, and will continue to suffer, the injuries and damages as set forth herein.

WHEREFORE, MRS. BARRELL, individually and as the Personal Representative of the Estate of COL. BARRELL, prays for judgment against Defendant USA as follows:

a. For general and special damages in amounts that will be proven at trial; and MRS. BARRELL, individually and as the Personal Representative of the Estate of COL. BARRELL, further states that the amount of the damages as asserted herein falls within the jurisdictional requirements of this Court;

b. Interest as allowed by law;

c. The costs of suit and attorneys' fees incurred by MRS. BARRELL, individually and as the Personal Representative of the Estate of COL. BARRELL; and

d. Such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawaii, May 16, 2017.

/s/ Kelvin H. Kaneshiro
GEORGE W. PLAYDON, JR.
KELVIN H. KANESHIRO

Attorneys for Plaintiffs
MARJORIE BARRELL, Individually, and
as Personal Representative of the Estate of
LT. COL. (ret'd) DONALD H. BARRELL